1
## AFFIDAVIT

I, Caitlin Moynihan, having been duly sworn, do depose and say as follows:

1. I am a Special Agent with Homeland Security Investigations (HSI). HSI is a directorate within Immigration and Customs Enforcement (ICE). ICE is a subordinate component of the Department of Homeland Security (DHS) and the successor to many of the law enforcement powers of the former Immigration and Naturalization Service and the former U.S. Customs Service. I have been a Special Agent since October 2009. I graduated from the Federal Law Enforcement Training Center in April 2010. I am currently assigned to the Burlington, Vermont Residence Office. I hold a Bachelor of Arts degree in sociology from Providence College. Throughout my time with HSI, I have gained experience, through training and everyday work, in investigating violations relating to child exploitation and child pornography.

2. This Affidavit is offered to demonstrate that probable cause exists to believe that on or about October 12, 2018, Mark HULETT, of 2523 US-7, Ferrisburgh, Vermont, knowingly possessed visual depictions that had been shipped or transported using any means or facility of interstate commerce, or which were produced using materials which have been so shipped or transported, by any means including by computer, and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions are of such conduct in violation of 18 U.S.C. §2252(a)(4)(B).

3. I have not set forth all facts I know from my investigation into this matter. Rather, I have included those facts I believe establish probable cause to believe that Mark HULETT committed the foregoing offense. My knowledge comes from my own investigation in this matter, my conversations with other law enforcement personnel, and my review of reports and the evidence in this matter.

2

4. Due to my previous investigation in this matter, I am aware that Mark HULETT lives at 2523 Route 7, Ferrisburgh, Vermont (the "Subject Premises").

**PROBABLE CAUSE**

5. On May 9, 2019, I obtained a warrant to search the Subject Premises (the "Search Warrant"), for evidence related to the possible possession, receipt, distribution, and transportation of images of child pornography, in violation of 18 U.S.C. § 2252. A true and correct copy of the affidavit I executed in connection with the Search Warrant is attached hereto as Exhibit 1 and incorporated herein in its entirety.

6. At approximately 6:04 am, on May 14, 2019, other law enforcement personnel and I executed the Search Warrant. We encountered one occupant, later identified as Carol Hulett, standing in the doorway of the Subject Premises at the time of execution. I asked Carol Hulett to step outside while agents and officers entered the residence to perform a security sweep. I explained to Carol Hulett that there was a federal search warrant for the residence and that I would explain further once a security sweep was completed. I asked Carol Hulett if anyone else was home and she advised that her son, Mark, was also home. I then asked Carol Hulett to step back inside of the residence. At this time, I informed Carol Hulett that she was not under arrest, she was free to leave, she had no obligation to speak to us, and if she did choose to speak to us, she could end the conversation at any time. Encountered during the security sweep was a male, later identified as Mark HULETT. Mark HULETT was asked to sit in the kitchen while the security sweep was completed. At this time, I explained to both occupants of the residence that there was a federal search warrant for the residence, that they were not under arrest, they were not in custody, they were free to leave, they did not have to speak to us, and if they did choose to speak with us that they could end the conversation at any time. After the

3

security sweep was completed, I asked HULETT if he would be willing to speak with Detective Raymond and me. Due to limited space and the number of agents and officers present in the residence conducting the search, I asked HULETT if he would be willing to speak to us outside, in an unmarked police vehicle. HULETT agreed to speak with us. Once Mark HULETT entered the vehicle, Detective Raymond reminded him that he was not under arrest, he was not in custody, he did not have to talk to us, and if he did, he could end the conversation any time. Detective Raymond also reminded him that he was free to leave. At this time, HULETT told us the following:

   a. HULETT lives at the Subject Premises with his mother.

   b. He and his mother have lived at the residence for approximately two years, and they are the only two who have lived at the residence.

   c. HULETT works for Moose Rubbish and Recycling. HULETT runs an eBay business.

   d. HULETT was unsure what the Internet company is at the residence as his mother takes care of that. HULETT believes the WiFi is password protected and the network name is Emma.

   e. He has a Lenovo laptop computer upstairs; that is the only computer he has. HULETT said he has had the computer upstairs for a couple of years; his mother bought it for him off of eBay. There is only one user account on the laptop computer. HULETT's mother does not use his computer.

   f. If he is going to search online for something he uses Google Chrome or Bing.

4

g.  HULETT advised that his cell phone is an Android Venture and the phone number is 324-4376.

h.  HULETT initially stated that he never used his computer to search for pornography. HULETT then said that he had looked at pornography years ago, but he is now on probation and is not allowed to do that.

i.  Detective Raymond explained that a file of child pornography was uploaded from this residence. HULETT stated that he has not manufactured child pornography.

j.  HULETT advised that he has used Bing before. When asked if he had used Bing for pornography before, HULETT said that he had gone to some nudist sites. He identified one site that he frequented.

k.  At this time, Detective Raymond reminded HULETT that he did not have to talk to us and that he was not in custody.

l.  Detective Raymond showed HULETT the image reported to NCMEC from the CyberTip referenced in Exhibit 1. HULETT advised that he had seen that picture before and he believed it was on the website that he mentioned earlier. HULETT said that it may have been saved to his computer at one point and he believed it would have been saved to the pictures folder. He did not know if this file still existed on his computer. When asked if there would be other files of child pornography on his computer, HULETT said "there may be."

m.  HULETT advised that he had never chatted or corresponded with anyone online about child pornography.

n.  HULETT said that he got hundreds of files from the nudist website; he estimated the youngest child depicted on the site to be between 6-8 years old.

5

o.  HULETT said that his understanding of these files was that they were not child pornography. At this time, Detective Raymond showed HULETT the image again and explained that since these children are posed with their legs spread wide open, exposing their genitals, it constitutes child pornography. HULETT responded, "Right." Detective Raymond asked HULETT if he would say this constituted child pornography, to which HULETT replied, "Yeah."

p.  HULETT stated that he did not use encryption.

q.  HULETT later said that he did not have any files of child pornography currently on his computer as he deletes them.

r.  HULETT said that last time he had a file of child pornography on the computer was last week. He advised that it came from the nudist website.

s.  HULETT advised that he clears his browser history.

t.  He stated that probation checked his computer last year or the year before, and they looked through the files on his computer. Probation had just visited last Thursday. HULETT said that his other conditions of probation include: no drinking, no drugs, and that he cannot go to places with children. HULETT stated that as far as he knows he is on probation for life.

u.  HULETT stated that he put images in Bing from the pure nudism website.

7.  Detective Raymond and I spoke to HULETT again during execution of the search warrant. At this time, we again showed him the image of child pornography from the CyberTip. We asked HULETT to sign the back of the image and date it, to indicate that this was the image we had spoken with him about earlier. I also asked him to write the name of the website on the

6

back of the image. HULETT signed and dated the back of the image, and also wrote "pure nudism" on the back of it.

8. HSI Computer Forensic Agent (CFA) Ryan Wrisley conducted a limited on-scene forensic preview of the Lenovo laptop. In this limited on-scene preview, CFA Wrisley did not locate any files of child pornography.

9. The Lenovo laptop was manufactured in China.

10. Based on my training and experience, I know that the Internet is a facility of interstate and foreign commerce.

11. Based on the foregoing, I believe there is probable cause to believe that MARK HULETT knowingly possessed visual depictions that have been shipped or transported using any means or facility of interstate commerce, or which were produced using materials which have been so shipped or transported, by any means including by computer, and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct in violation of 18 U.S.C. § 2252(a)(4)(B).

_/s/ Caitlin Moynihan_
CAITLIN MOYNIHAN
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this 14th day of May, 2019.

_/s/ John M. Conroy_
HON. JOHN M. CONROY
United States Magistrate Judge